**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOHN FLAMER, | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 10-1211 |
| | ) Magistrate Judge Maureen P. Kelly |
| DEPARTMENT OF CORRECTIONS, | ) |
| et al., | ) |
| Defendants. | ) |

## OPINION AND ORDER

John Flamer, ("Plaintiff") is a very litigious prisoner.   At the time of the filing of the

instant civil rights action, he had already acquired at least "three strikes" within the meaning of

28 U.S.C. §1915(g).   Notwithstanding the fact that Plaintiff had three strikes and the fact that he

had won a cash settlement on December 29, 2009, the amount of which he refused to reveal in

his application to proceed *in forma pauperis* ("IFP"), ECF No. 1, Plaintiff's motion for leave to

proceed IFP was granted.  ECF No. 2.   Because Plaintiff then had at least three strikes and thus

was not permitted to proceed IFP, the order granting him leave to proceed IFP must be vacated.

Consequently, Plaintiff will be ordered to pay the entire filing fee of $350.00 by December 15,

2011, or the case will be dismissed for failure to prosecute.[1]

## I.   PROCEDURAL HISTORY

Plaintiff's Section 1983 civil rights complaint (the "Original Complaint") was formally

docketed on September 20, 2010.  In the Original Complaint, the Plaintiff essentially claimed

that the Defendants were incorrectly calculating his multiple sentences which apparently include

parole/probation violations that required Plaintiff to serve backtime and that the Defendants will

---

[1]  Inexplicably, even though this case is more than one year old, no monies have been deducted
from Plaintiff's inmate account.  It is not clear why this is.  We note that Plaintiff has been
transferred at least once during the pendency of this suit from one prison to another.  ECF No. 7
(notice of change of address).

require him to serve more time in prison than he is required to do under his sentences.  ECF No.

3 at 2.  By way of relief, he sought monetary damages.  Id. at 4.  Defendants filed a Motion to

Dismiss, ECF No. 26, and a brief in support, arguing, *inter alia*, that Heck v. Humphrey, 512

U.S. 477 (1994) barred this suit.  ECF No. 27.

     In March, 2011, Plaintiff filed, as of right, an Amended Complaint, ECF No. 32, which

did not differ significantly from the Original Complaint.  In the Amended Complaint, however,

Plaintiff requested to be released from custody.  ECF No. 32 at 4.  Plaintiff also filed a response

to the Defendants' Motion to Dismiss, wherein he claimed that "the invalidity of Plaintiff's

conviction or sentence isn't being implied here as Defendants['] lawyer is tryen [sic] to make it

seem.  What is being implied here, is that these Defendants threw [sic, should be "through"]

legal documentation have overheld Plaintiff pass [sic] his maximum sentence and still continue

to inprison [sic] him with a sentence that the courts never intendent [sic]. . . ."  ECF No. 33 at 2.

Thus, notwithstanding Plaintiff's word games, it is clear that he seeks to challenge the

calculation of his sentence, i.e., the length of his confinement, which is barred by Heck.  See,

e.g., Royal v. Durison, 254 F.App'x 163, 165 (3d Cir. 2007) ("Royal alleges that this claim is not

barred by *Heck*, because he is not calling into question the validity of the sentence or the

conviction, but rather just the calculation of time served. This argument is unavailing."  The

Court concluded that such a sentencing credit/calculation claim is barred by Heck.).

     In April 2011, Defendants filed what they captioned as a "Supplemental Motion to

Dismiss," ECF No. 34, and a Brief in Support.  ECF No. 35.  Defendants pointed out that

Plaintiff had acquired three strikes and could not proceed IFP.   Defendants attached as an

exhibit to the Supplemental Motion to Dismiss a copy of an order dated August 2001, from the

Honorable Judge Muir of the United States District Court for the Middle District of

Pennsylvania.  In the order, Judge Muir denied IFP status to Plaintiff in that case because the

Court therein found that "plaintiff, while incarcerated, previously initiated thirteen (13) civil

actions in the United States District Court for the Eastern District of Pennsylvania which were

dismissed either as frivolous pursuant to § 1915(d) or for failure to state a claim upon which

relief could have been granted.  The Eastern District has determined that 28 U.S.C. § 1915(g)

precludes further in forma pauperis actions by this plaintiff.   See Flamer vs. Asst. Warden

Lyons et al., Civil Action No. 00-4114 (E.D. Pa.)."  ECF No. 34-2 at 10 (some citations

omitted).[2]

     We deem the Defendants' Supplemental Motion to Dismiss" to be a Motion to Vacate the

order dated September 20, 2010, granting Plaintiff's IFP motion.

     On May 2, 2011, Plaintiff filed a Response to the Defendants' Supplemental Motion to

Dismiss.  ECF No. 38.  In the response, Plaintiff alleged that he "only filed the above civil matter

[i.e., the case at bar] addressing his sentence due to the fact he suffers a pitu[i]tary

---

[2]   The thirteen cases cited, included the following nine, all of which were dismissed as frivolous:
1) Flamer v. Haverford State Hosp., Civ.A. No. 90-4709 (E.D. Pa. ECF No. 2, order dismissing
complaint as frivolous entered on 8/8/1990); 2) Flamer v. PICC Medical,  Civ.A. No. 91-2256
(E.D. Pa.  ECF No. 2, order dismissing complaint as frivolous entered on 4/17/1991);  3)  Flamer
v. Delaware County Prison, Civ.A. No. 91-4470 (E.D. Pa. ECF No. 2, order dismissing
complaint as frivolous entered on 7/30/1991); 4)  Flamer v. Delaware County Prison, Civ.A. No.
91-4472 (E.D. Pa. ECF No. 2, order dismissing complaint as frivolous entered on 7/30/1991); 5)
Flamer v. Nurse Lucy, Civ.A. No. 92-6027 (E.D. Pa. ECF No. 2, order dismissing complaint as
frivolous entered on 10/29/1992); 6)  Flamer v. R.N. Nurse Kim Christy, Civ.A. No. 92-6060
(E.D. Pa. ECF No. 2, order dismissing complaint as frivolous entered on 10/29/1992); 7) Flamer
v. PD's Office, Civ.A. No. 93-3731 (E.D. Pa. ECF No. 2, order dismissing complaint as
frivolous entered 7/15/1993); 8) Flamer v. Delaware County Prison, No. 95-2522 (E.D. Pa. ECF
No. 2, order dismissing complaint as frivolous entered on 5/12/1995); 9) Flamer v. C.I.D.'s
Dept., No. 95-3154 (E.D. Pa. ECF No. 2, order dismissing complaint as frivolous entered on
5/25/1995).

macroadenoma which incases [sic] a enternal [sic] artery called the cavernouse [sic] carotid artery and this tumor is restricting blood flow.  This tumor has taken his right eye and is causing plaintiff to lose vision in his left eye. . . . Plaintiff is in imminent danger of this even more so due to the fact even now more so he's been kept past his maximum date, due to Defendants['] negligence not only this but Defendants and this facility are refusing to provide proper medical attention. . . ."  ECF No. 38 at 1.  Plaintiff also complains that he is in imminent risk of bodily injury because the Defendants place him in cells with other prisoners who take advantage of Plaintiff because of his medical condition.  Id. at 1.  We note that none of these allegations appear in either the Original or the Amended Complaint.

On June 20, 2011, this case was re-assigned to the undersigned.  ECF No. [40].

Most recently, Plaintiff filed on September 22, 2011, a Motion for Immediate Court Action, ECF No. 42, asserting that his has been threatened to drop this lawsuit, and that if he does not do so, Defendants will kill him and not release him as scheduled on December 25, 2011, which is Plaintiff's current maximum sentence date (although Plaintiff appears to contest that this maximum release date is correct).  Id.  Plaintiff also asserted that the "Superintendent of said facility has forbid[den] the Medical Department from addressing his medical condition unless I dismiss the above civil complaint."  Id. On September 22, 2011, the Court ordered Defendants to respond to Plaintiff's Motion for Immediate Court Action.  Defendants responded with a transcription of Plaintiff's medical records that showed, contrary to Plaintiff's contention, he was being treated. The medical records show that Plaintiff was even referred to outside specialists, ECF No. 43-1 at 5, entry dated 2/29/2011 (including Dr. Happ, a neuro-ophthamologist at Allegheny General Hospital).  Those same medical records show that Plaintiff had a hormone

4

test scheduled at Mount Nittany Medical Center for April 20, 2011 and Plaintiff refused to go out

for testing and that this instance was not the only time Plaintiff refused medical care.  On April

28, 2011, Plaintiff refused a hormone lab test and he refused again on June 24, 2011.  Id.

Plaintiff filed a Reply To The Defendant's Response.  ECF No. 44.[3]   Again, we consider

Plaintiff's Reply only in relation to our determining whether he is entitled to proceed IFP.

## II.    DISCUSSION

Courts have consistently recognized that it is a plaintiff's burden to prove entitlement to

IFP status.  See White v. Gregory, 87 F.3d 429, 430 (10th Cir. 1996); In re Lassina, 261 B.R. 614,

---

[3]  While Plaintiff characterizes his Motion for Immediate Court Action as a "Motion for
Preliminary Injunction" ECF No. 44 at 1, the Court will not consider it as such because the
allegations made in the Motion for Immediate Court Action, even if deemed to constitute a
Motion for Preliminary Injunction would be properly denied because the allegations made
therein are not sufficiently related to the sole claim made in the Amended Complaint, namely
that the Defendants are miscalculating Plaintiff's sentence and keeping him beyond his
maximum date.  One may not seek any injunctive relief on claims not made in the underlying
complaint.  Ball v. Famiglio, 396 F.App'x 836, 837 (3d Cir. 2010) ("there must be 'a relationship
between the injury claimed in the party's motion [for injunctive relief] and the conduct asserted
in the complaint.'") (quoting Little v. Jones, 607 F.3d 1245, 1251 (10th Cir. 2010)) (some internal
quotations deleted); Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) ("Devose's motion is
based on new assertions of mistreatment that are entirely different from the claim raised and the
relief requested in his inadequate medical treatment lawsuit. Although these new assertions
might support additional claims against the same prison officials, they cannot provide the basis
for a preliminary injunction in this lawsuit."); Williams v. Platt, NO. CIV-03-281, 2006 WL
149024, at *2 (W.D.Okla. Jan. 18, 2006) ("The complaint addresses two matters at the Logan
County Jail . . . .  In his requests for injunctive relief, the Plaintiff addresses matters at a separate
facility . . . .  A preliminary injunction would be inappropriate to address wrongs wholly
unrelated to the complaint.") (footnotes omitted).  Because Plaintiff seeks injunctive relief
concerning claims not made in the complaint, the Motion for Immediate Court Action, deemed
as a Motion for Preliminary Injunction would have to be denied.  But we would only need to
address that motion if Plaintiff is properly permitted to proceed IFP.  In deciding that question,
we will consider the allegations contained in the Motion for Immediate Court Action in
connection with our analysis of whether Plaintiff can proceed IFP.  The Motion for Preliminary
Injunction could not be entertained at all if, as we find, Plaintiff were not entitled to proceed IFP
in this suit in the first place, until and unless he paid the filing fee.

618 (E.D. Pa. 2001) ("The applicant bears the burden of proving her entitlement to IFP relief by a preponderance of the evidence.").  In this case, Plaintiff has failed to meet the requisite burden and has not proven that he is entitled to IFP status.

Simply put, Plaintiff has accumulated at least "three strikes" within the contemplation of 28 U.S.C. § 1915(g).[4]  This Section expressly provides in relevant part that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Court takes judicial notice of the nine cases previously dismissed as frivolous and listed in Footnote 2.[5]  As a result, Plaintiff had already accumulated many more than three strikes at the time Plaintiff filed this suit.  See, e.g., Lopez v. U.S. Dept. of Justice, 228 F.App'x 218, 218 (2007) ("By its terms, § 1915(g) governs only the circumstances under which a prisoner may 'bring' a civil action in forma pauperis, which means that its impact must be assessed at the time a prisoner files his or her complaint. Thus, only the strikes actually earned up to that time [i.e., at the time of the filing of the new case] are relevant.") (citations omitted).

Accordingly, Plaintiff was not permitted to proceed IFP, unless the Original Complaint revealed that Plaintiff was in imminent danger of serious physical injury, and we measure this danger as of the time the Original Complaint was filed. Abdul-Akbar, 239 F.3d at 313.

Based on our review, we find that none of the allegations contained in the Original

---

[4]  Abdul-Akbar v. McKelvie, 239 F.3d 307, 310 (3d Cir. 2001)(noting that  28 U.S.C. § 1915(g) is "popularly known as the 'three strikes' rule").

[5]  DiNicola v. DiPaolo, 945 F. Supp. 848, 854 n.2 (W.D. Pa. 1996) (court is entitled to take judicial notice of public records).

Complaint or even the Amended Complaint, evidence imminent danger of serious physical

injury so as to permit Plaintiff to proceed IFP.  Plaintiff's allegations concern solely the alleged

miscalculation of Plaintiff's sentences and the alleged holding of Plaintiff in prison beyond his

maximum release date.  Although Plaintiff's subsequent filings allege physical disease and

threats by Defendants and assaults by fellow inmates, none of those allegations were contained

in the Original Complaint or in the Amended Complaint.  We do not we find there to be

sufficient connection between the sentencing claims made in the Original Complaint and/or

Amended Complaint and the subsequent allegations of danger that Plaintiff makes in response to

the Defendants' Supplemental Motion to Dismiss so as to justify Plaintiff being granted IFP

status back in September 20, 2010.  See, e.g., Pettus v. Morgenthau, 554 F.3d 293, 297 (2d Cir.

2009) ("there must be a nexus between the imminent danger a three-strikes prisoner alleges to

obtain IFP status and the legal claims asserted in his complaint.");  Massey v. Fischer, Nos. 08

Civ. 6098 & 09 Civ. 5911, 2010 WL 234999, at *4 (S.D.N.Y.  Jan. 19, 2010) ("Plaintiff fails to

plead any 'nexus between the imminent danger' that is 'fairly traceable to unlawful conduct

asserted in the complaint[s].'") (quoting Pettus, 554 F.3d at 298-99) (emphasis deleted).[6]

Frankly, we find on this record that Plaintiff's allegations of harm are incredible and his

allegations of imminent risk of serious physical injury to be a transparent attempt to overcome

---

[6]  The closest Plaintiff comes to alleging some nexus is a threat by the Superintendent of "said facility" (which we presume Plaintiff means to be the Superintendent of the State Correctional Institution at Rockview, where Plaintiff is now housed) to forbid the medical department from treating Plaintiff unless he drops the current suit. ECF No. 42.  There are two problems with this alleged nexus.  First, there is no such allegation contained in either the Original or Amended Complaints.  Secondly, we note that at the time Plaintiff initiated this suit, and at the time the Court granted Plaintiff's IFP motion, Plaintiff was housed in the State Correctional Institution at Pittsburgh, which would render any alleged threat by Plaintiff's current Superintendent from SCI-Rockview quite irrelevant to events occurring in September 2010, when he sought leave to proceed IFP and when the imminence of the danger would had to have been measured.

the fact that he has abused the IFP privilege numerous times in the past and we will not permit him to continue to do so now.  Even if we accept as true Plaintiff's recent allegations, those allegations lack a sufficient nexus to the claims made in the Original and/or Amended Complaint so as to justify the grant of IFP status in order to prosecute his complaint.

In the alternative, Plaintiff has failed to meet his burden to show entitlement to IFP status because as of December 29, 2010, he received a monetary settlement.  He did not disclose the amount of that settlement, claiming the settlement agreement forbade him from doing so. Because he has not excluded the possibility that he could have paid for this suit without undue hardship, he is not entitled to proceed IFP on this alternative basis.

Accordingly, the following order is entered:

**AND** NOW, this 28th day of November, the order, ECF No. 2, entered on September 20, 2010, granting Plaintiff leave to proceed IFP is hereby **VACATED.**  Plaintiff's motion for leave to proceed in forma pauperis, ECF No. 1, is hereby **DENIED**.  Plaintiff is ORDERED to pay the entire filing fee of $350.00 by December 15, 2011, or the case will be dismissed for his failure to prosecute without any further warning.

BY THE COURT,

/ s/ Maureen P. Kelly
United States Magistrate Judge

cc:    John Flamer
       JG-8609
       SCI Rockview
       Box A
       Bellefonte, PA 16823

       All Counsel of Record via CM/ECF