IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN FLAMER, Plaintiff, | ) ) ) |
| vs. | ) Civil Action No. 10-1211 ) Magistrate Judge Maureen P. Kelly |
| DEPARTMENT OF CORRECTIONS, et al., Defendants. | ) ) ) |

**ORDER**

John Flamer ("Plaintiff") filed a motion for leave to proceed in forma pauperis ("IFP"). ECF No. 1. Although that motion was granted, ECF No. 2, it should not have been because Plaintiff had more than three strikes at the time he applied for leave to proceed IFP. In addition, just shortly before he applied to proceed IFP, he had received a settlement, the amount of which he refused to divulge in his IFP application. Consequently, the Court vacated the order granting Plaintiff leave to proceed IFP and ordered that he pay the full filing fee by December 15, 2011 and informed him in that order that his failure to pay will result in the case being dismissed. ECF No. 45. On December 12, 2011, the Clerk's Office received a motion from Plaintiff to extend the time in which to pay. ECF No. 46. The Court denied that Motion for Extension of Time for reasons explained therein and again informed Plaintiff that he if he failed to pay, the case would be dismissed. ECF No. 47. Notwithstanding the two clear warnings, Plaintiff has not paid the filing fee.

To the extent that the factors announced in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984) are applicable herein, the Court finds that they all weigh in favor of dismissal of the case. Perhaps weighing most heavily in the Poulis balance is the factor of the meritoriousness of Plaintiff's claim. Plaintiff's claim lacks merit. Plaintiff's claim is that his

sentence is being wrongly calculated and he seeks damages for such alleged wrongdoing. We noted in the Memorandum, vacating Plaintiff's grant of IFP status, that such a claim was barred by Heck v. Humphrey, 512 U.S. 477 (1994) and Royal v. Durison, 254 F.App'x 163, 165 (3d Cir. 2007) ("Royal alleges that this claim is not barred by *Heck*, because he is not calling into question the validity of the sentence or the conviction, but rather just the calculation of time served. This argument is unavailing."). ECF No. 45 at 1 to 2.

Accordingly, the following order is entered:

**AND NOW** this 3rd day of January 2012, the case is hereby **DISMISSED** for failure to prosecute. The Clerk is to mark the case closed forthwith.

BY THE COURT,

/s/ Maureen P. Kelly
United States Magistrate Judge

cc: John Flamer
JG-8609
SCI Rockview
Box A
Bellefonte, PA 16823

All Counsel of Record via CM/ECF